# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM EDWARD DELATOUR AND LISA PRICE DELATOUR<br><br>DEBTORS | CASE NO 17-41547<br>CHAPTER 7 |
| CHRISTOPHER J. MOSER, TRUSTEE<br>**PLAINTIFF**<br><br>V<br><br>CONSULTING NETWORK GROUP, LLC<br>**DEFENDANT** | ADVERSARY NO. _____ |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff files this his Original Complaint and would show the Court as follows**:**

### PARTIES

1. The Plaintiff, Christopher J. Moser, Trustee, is the Chapter 7 Trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of Gas Systems Corporation (the "Debtor").

2. The Trustee complains of Consulting Network Group, LLC ("Defendant"), who may be served with service by first class mail, postage prepaid, upon its registered agent as follows: United States Corporation Agents, Inc. 9900 Spectrum Drive, Austin, Texas 78717.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409 because the chapter 7 bankruptcy proceedings of the Debtor is pending in this district and the causes asserted herein arise under Title 11 or arise in or are related to a case under Title 11.

## FACTS

5. On July 20, 2017 September 13, 2016, William Edward Delatour ("William") and Lisa Price Delatour ("Debtor") filed with this Court a joint voluntary petition under Chapter 7 of the Bankruptcy Code. Christopher J. Moser was thereafter appointed as their Chapter 7 Trustee.

6. William's business has for some time engaged in the trade or business of providing consulting services of the type which is subject to the claim stated herein.

7. Defendant primary business is to secure consulting engagements and then match the persons or entities needing consultation services with persons qualified to provide those services. The tri-party arrangement was that the consultant would bill Consulting Network Group for the services performed; Consulting Network Group would bill and collect from the party obtaining services; and. thereupon, Consulting Network Group would pay the consultant providing the services.

8. In that connection, Encompass Home Health & Hospice ("Encompass") was one of those entities requiring consulting services and was matched with William.

9. Of the many historic performances of consulting services by William for Encompass, at the request of Consulting Network Group, Consulting Network Group has failed and refused and continues to fail and refuse to pay for those services reflected on Exhibit A hereto and is indebted

to William's bankruptcy estate in the amount of $26,986.10, as more particularly set forth on Exhibit A.

10. Upon information and belief, Consulting Network Group has billed Encompass, at a marked up rate, for those services and has been paid in full, at such marked up rate, by Encompass.

## CAUSES OF ACTION AND DAMAGES

## COUNT I – BREACH OF CONTRACT

11. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

12. Consulting Network Group's failure and refusal to pay the aforesaid $26,986.10 for services provided and labor performed constitutes breach of contract by Consulting Network Group.

13. All conditions precedent to the prosecution of the claims stated herein have been fully performed or have occurred.

## COUNT II – ATTORNEY'S FEES

14. As a result of the above and forgoing, the Plaintiff is entitled to recover reasonable attorneys' fees under Texas Civil Practice & Remedies Code chapter 38. The claim for payment of the above and foregoing described for the foregoing $26,986.10 has been presented by William to Consulting Network Group and Consulting Network Group refused and continues to refuse to pay it.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that upon final trial of this Complaint, that (i) the Trustee recover from the Defendant, the full amount thereof for the benefit of the bankruptcy estate of the Debtor, the sum of $26,986.10, or such other amount as may be shown to be due and owing, (ii) that the Trustee recover his reasonable and necessary attorneys' fees

on the bases pled above, and (iii) that the Trustee recover his costs, prejudgment and postjudgment interest and such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

                Respectfully submitted,

                **THE BUFKIN LAW FIRM**

                */s/ Richard L. Bufkin*
                Richard L. Bufkin
                State Bar No. 03316950
                6688 North Central Expressway, Suite 1050
                Dallas TX 75206
                Telephone:   (972) 808-9791
                Facsimile:    (972) 808-9795
                Email:        *Dick@Bufkinlaw.com*

                **SPECIAL COUNSEL TO CHRISTOPHER J. MOSER**